UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARAGRET M. SPRIGGS, | Case No. 3:15-cv-00581-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| VANDERBILT MORTGAGE AND FINANCE, INC., *et al.*, | |
| Defendants. | |

Plaintiff Maragret M. Spriggs initiated this action regarding an allegedly improperly installed manufactured home in 2015. (ECF No. 1.) In 2016, the Court granted the parties' stipulation to arbitrate their dispute (ECF No. 16), and then administratively closed the case following a status report from Plaintiff (ECF No. 18). Before the Court is Defendants Vanderbilt Mortgage and Finance, Inc. and CMH Homes, Inc.'s motion to dismiss under Federal Rule of Civil Procedure 41(b) ("Motion").[1] (ECF No. 20.) Plaintiff had until November 26, 2019 to file a response to the Motion, but did not timely file one. As further explained below, the Court will grant the Motion and dismiss this case.

According to Defendants—and Plaintiff has offered no response—the parties mediated the case in July 2016, but it was unsuccessful. (ECF No. 20 at 2.) Plaintiff was then ordered to submit her claims to arbitration, but she has not, though some three years have elapsed. (*Id.*) Plaintiff also has not otherwise attempted to advance this case in the subsequent years. (*Id.*) Defendants therefore move for the case to be dismissed under Fed. R. Civ. P. 41(b).

///

---

[1] Defendants also filed a motion to substitute counsel. (ECF No. 19.) Good cause appearing, the Court will also grant that motion.

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In addition, "[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)). "As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *Id.* (citing *Chambers*, 501 U.S. at 44-45). Except for a dismissal for lack of jurisdiction, improper venue, or a failure to join a party under Rule 19, a dismissal under Rule 41(b) "operates as an adjudication on the merits." *Costello v. United States*, 365 U.S. 265, 284 (1961) (quoting Fed. R. Civ. P. 41(b)).

The Court finds that dismissal with prejudice is appropriate given that Plaintiff appears to have abandoned this case, and failed to respond to Defendants' Motion.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 20) is granted. This case is dismissed with prejudice. It will remain closed.

The Clerk of Court is directed to enter judgment accordingly.

It is further ordered that Defendants' motion to substitute counsel (ECF No. 19) is granted. The Clerk of Court is directed to update the docket accordingly.

DATED THIS 27th day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE